IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARDIS ROY MELTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:12-CV-1551-P |
| | § | |
| THE UNITED STATES; ALL 50 STATES; | § | |
| U.S. TERRITORIES; ALL LAW ENFORCEMENT | § | |
| AGENCIES OF BOTH THE U.S. GOVERNMENT | § | |
| AND THE STATES AND TERRITORIES, | § | |
| Defendants. | § | |

### FINDINGS CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### BACKGROUND

Plaintiff is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Plaintiff is a convicted felon, released in 1979 after serving five years for assault and attempt to commit murder. *Melton v. State of Texas*, 508 S.W.2d 104 (Tex. Crim. App. 1974).

Plaintiff alleges Defendants The United States, all fifty states, all United States Territories, and all law enforcement agencies of the United States (collectively, "Defendants") violated his Second Amendment right to bear arms by prohibiting him from carrying a weapon because he is a convicted felon. Plaintiff states these laws violate the Constitution by denying citizens access to firearms. Plaintiff seeks an order that Defendants immediately cease enforcement of these laws. The Court has not issued process pending judicial screening.

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*"* *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

**DISCUSSION**

Plaintiff's claim that the laws prohibiting a felon from carrying a firearm violate his Second Amendment right to bear arms fails to state a claim on which relief can be granted. Although Plaintiff correctly interprets the Second Amendment right to bear arms to apply to all United States citizens, he fails to understand the limitations to that right. *U.S. v. Emerson*, 270 F.3d 203, 261 (5th Cir. 2001) ("Although . . . the Second Amendment does protect individual rights, that does not mean that those rights may never be made subject to any . . . restrictions for particular cases that are reasonable . . . to individually keep and bear arms . . .").

When Plaintiff committed a felony, he was stripped of many of his Constitutional rights as a citizen, including his Second Amendment right to bear arms. *Id.* at 261 The Fifth Circuit in

*Emerson* remarked, "[a]s we have previously noted, it is clear that felons . . . may be prohibited from possessing firearms." *Id.*; (citing *Robertson v. Baldwin*, 165 U.S. 275, 281 (1897)) (the Supreme Court acknowledged that the Second Amendment was "subject to certain well-recognized exceptions," including prohibiting a felon from possessing firearms, and hence "is not infringed by laws prohibiting the carrying of concealed weapons.") Plaintiff's claim is without merit and should be dismissed.

**RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

Signed this 3rd day of October, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).